UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                      CRIMINAL ACTION NO. 3:06CR-10-S

MICHAEL KENNETH SALISBURY
KAREN CRUSE SALISBURY
ROBERT LAWRENCE WILSON
(a/k/a R.L. WILSON)                                             DEFENDANTS

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendants guilty of the crimes charged against them in the second superseding indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against any defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses, stipulations, and the exhibits admitted in the record. Except as to the stipulations, anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. Except as to the stipulations, what the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case?  Did the witness have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field—one who is called an expert witness—is permitted to state an opinion.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## COUNTS 1 AND 4
### (Conspiracy)
### GENERAL INSTRUCTIONS

Counts 1 and 4 of the second superseding indictment charge:

**Count 1** - Conspiracy to commit the crimes of mail fraud and wire fraud by Michael Salisbury and Karen Salisbury.

**Count 4** - Conspiracy to commit the crime of money laundering by Michael Salisbury and Karen Salisbury.

For you to find either of the defendants guilty of the conspiracy count or counts in which that defendant is charged, the United States must prove the elements of conspiracy beyond a reasonable doubt with respect to that defendant charged in the specified count. The particular elements which must be proved as to each count are more particularly explained later in these instructions. However, below are some general principles concerning conspiracies which you should consider with respect to both Counts 1 and 4. You should refer back to these general instructions during your deliberations concerning Counts 1 and 4.

### (1) Agreement

The United States must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime specified in the conspiracy count. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. Proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the United States has proved an agreement. But without more they are not enough.

- 8 -

What the United States must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime or crimes charged in the conspiracy count. This is essential. Furthermore, you must unanimously agree on which crime or crimes two or more persons conspired or agreed to commit.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the United States to convince you that such facts and circumstances existed in this particular case.

### (2) A Defendant's Connection to a Conspiracy

If you are convinced that there was a criminal agreement, then you must decide whether the United States has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard with respect to each conspiracy in which that defendant is charged. To convict either defendant, the United States must prove that the defendant knew the conspiracy's main purpose and voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that the defendant was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that the defendant's connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if the defendant approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make the defendant a conspirator. These are all

things that you may consider in deciding whether the United States has proved that a defendant joined a conspiracy. But without more they are not enough.

What the United States must prove is that a defendant knew the conspiracy's main purpose, and that the defendant voluntarily joined it intending to help advance or achieve its goals. This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that the defendant knew the conspiracy's main purpose. But it is up to the United States to convince you that such facts and circumstances existed in this particular case.

### (3) Overt Acts

The United States must prove that a member of the conspiracy did one of the overt acts described in the conspiracy count for the purpose of advancing or helping that conspiracy.

The indictment lists numerous overt acts. The United States does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

But the United States must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping that conspiracy. Proof of an overt act is essential to each conspiracy count.

Furthermore, you must unanimously agree on which specific overt act was committed.

One more thing about overt acts. There is a limit on how much time the United States has to obtain an indictment. This is called the statute of limitations. For you to return a guilty verdict on either conspiracy charge, the United States must convince you beyond a reasonable doubt that at least one overt act was committed after January 25, 2001 for the purpose of advancing or helping that conspiracy.

- 10 -

### (4)  Unindicted or Unnamed Co-conspirators

Now, some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known.  An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the United States can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

**COUNT 1**
**(Conspiracy)**
**Michael Salisbury and Karen Salisbury**

For you to find Michael Salisbury or Karen Salisbury, or both of them, guilty of this conspiracy charge, the United States must prove each of the following elements beyond a reasonable doubt as to that defendant:

(1) That two or more persons conspired, or agreed, to commit the crime of mail fraud or wire fraud, or both of them.

(2) That the defendant knowingly and voluntarily joined in the conspiracy.

(3) That a member of the conspiracy did one of the overt acts described in Count 1, Paragraph 24 of the second superseding indictment for the purpose of advancing or helping that conspiracy.

You must be convinced that the United States has proved all of these elements beyond a reasonable doubt in order to find either of these defendants guilty of this conspiracy count.

The following are definitions of the crimes of mail fraud and wire fraud to assist you in your deliberations concerning the charge of conspiracy in Count 1. Count 1 does not charge the commission of mail fraud or wire fraud, only a conspiracy to do so. These definitions are included for your use in considering whether the elements of conspiracy set out in this instruction have been proved by the United States beyond a reasonable doubt as to one or more defendants.

The elements of mail fraud and wire fraud are (1) that the defendant knowingly participated in, devised, or intended to devise a scheme to defraud in order to obtain money or property or to deprive another of honest services, (2) that the scheme included a material misrepresentation or concealment of a material fact, (3) that the defendant had the intent to defraud, and (4) that the defendant used or caused another to use the mail or wire communication in furtherance of the scheme.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth.  They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or accident.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing a person's decision.  To be material, any misrepresentation or concealment must be reasonably calculated to deceive persons of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.

To "cause" the mail or wire communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

- 13 -

**COUNTS 2 AND 3**
**(Wire Fraud)**
**Michael Salisbury**

Counts 2 and 3 of the second superseding indictment charge Michael Salisbury with the crime of wire fraud.  For you to find Michael Salisbury guilty of wire fraud, you must find that the United States has proved each of the following elements beyond a reasonable doubt:

(1) That Michael Salisbury devised or intended to devise a scheme to defraud in order to obtain money or property; that is, $55,000.00 as charged in Count 2, and/or $15,500.00 as charged in Count 3;

(2) That the scheme included a material misrepresentation;

(3) That Michael Salisbury had the intent to defraud; and

(4) That Michael Salisbury used wire communications or caused another to use wire communications in interstate commerce in furtherance of the scheme.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth.  They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or accident.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing a person's decision.  To be material, any misrepresentation or concealment must be reasonably calculated to deceive persons of ordinary prudence and comprehension.

- 14 -

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.

To "cause" wire communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

"Interstate commence" includes wire communications that crossed a state line.

It is not necessary that the United States prove all of the details alleged concerning the precise nature and purpose of the scheme or that the material transmitted by wire communications was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the wire communications was intended as the specific or exclusive means of accomplishing the alleged fraud or that someone relied on the misrepresentation or false statement.

**COUNT 4**
**(Conspiracy)**
**Michael Salisbury and Karen Salisbury**

For you to find Michael Salisbury or Karen Salisbury, or both of them, guilty of this conspiracy charge, the United States must prove each of the following elements beyond a reasonable doubt as to that defendant:

(1) That two or more persons conspired, or agreed, to commit a money laundering crime or crimes as charged;

(2) That the defendant knowingly and voluntarily joined the conspiracy; and

(3) That a member of the conspiracy did one of the overt acts described in Count 4, Paragraph 6 of the second superseding indictment for the purpose of advancing or helping that conspiracy.

You must be convinced that the United States has proved all of these elements beyond a reasonable doubt in order to find either of these defendants guilty of this conspiracy charge.

The following are definitions of money laundering crimes to assist you in your deliberations concerning the charge of conspiracy in Count 4. Count 4 does not charge the commission of money laundering, only a conspiracy to do so. These definitions are included for your use in considering whether the elements of the conspiracy set out in this instruction have been proved by the United States beyond a reasonable doubt as to either or both defendants.

Money laundering is the act of conducting or engaging in a monetary transaction which violates federal law. There are two crimes of money laundering referenced in Count 4 of the second superseding indictment.

The elements of money laundering under 18 U.S.C. § 1956(a)(1)(B) are (1) that the defendant conducted or attempted to conduct a financial transaction, (2) that the financial transaction involved property that represented the proceeds of specified unlawful activity, (3) that the defendant

knew that the property involved in the financial transaction represented the proceeds from some form of unlawful activity, and (4) that the defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the source and ownership of the proceeds of the specified unlawful activity or with the intent to evade or defeat part of the income tax due and owing by them to the United States of America.

The term "financial transaction" means:

(A)   A transaction which in any way or degree affects interstate or foreign commerce and involves:

    (i)   the movement of funds by wire or other means, or

    (ii)   one or more monetary instruments, or

    (iii)   the transfer of title to any real property, vehicle, vessel, or aircraft, or

(B)   A transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The term "financial institution" includes a commercial bank, a commercial trust company, and a bank insured by the FDIC.

The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

The word "proceeds" includes what is produced by or derived from unlawful activity.

The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the funds involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law.

The elements of money laundering under 18 U.S.C. § 1957 are (1) that the defendant knowingly engaged or attempted to engage in a monetary transaction, (2) that the monetary transaction was in property which had been derived from specified unlawful activity, (3) that the property had a value greater than $10,000.00, (4) that the defendant knew that the transaction was in criminally derived property, and (5) that the monetary transaction took place within the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument, by, through, or to a financial institution.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

As used in both § 1956 and §1957, the phrase "specified unlawful activity" means any activity constituting an offense listed in 18 U.S.C. § 1961(1).  You are instructed that mail fraud and wire fraud, the elements of which are defined on page 12, are specified unlawful activities.

**COUNT 5**
**(Money Laundering)**
**Michael Salisbury and Karen Salisbury**

Count 5 of the second superseding indictment charges Michael Salisbury and Karen Salisbury with the crime of money laundering. For you to find either or both defendants guilty of money laundering, you must find that the United States has proved each of the following elements beyond a reasonable doubt:

(1) That the defendant knowingly engaged in a monetary transaction; that is, the transaction involving a check for $20,000.00 as charged in Count 5;

(2) That the monetary transaction was in property which had been derived from specified unlawful activity;

(3) That the property had a value greater than $10,000.00;

(4) That the defendant knew that the transaction was in criminally derived property; and

(5) That the monetary transaction took place within the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument, by, through, or to a financial institution.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

The phrase "specified unlawful activity" means any activity constituting an offense listed in 18 U.S.C. § 1961(1). You are instructed that mail fraud and wire fraud are specified unlawful activities.

The guilt of a defendant in a criminal case may be proved without evidence that the defendant personally did every act involved in the commission of the crime charged. The law

recognizes that, ordinarily, anything a person can do for himself or herself may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if a defendant aids and abets another person by intentionally joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had engaged in such conduct himself or herself.

Notice, however, that before any defendant can be held criminally responsible for the conduct of others it is necessary that the defendant associate himself in some way with the crime, and intentionally participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

**COUNTS 6 - 9**
**(Tax Evasion)**
**<u>Michael Salisbury</u>**

Counts 6, 7, 8, and 9 of the second superseding indictment charge Michael Salisbury with attempting to evade payment of federal taxes.  Each of the counts charges tax evasion in a separate year.  For you to find Michael Salisbury guilty of any of these charges, the United States must prove each of the following elements beyond a reasonable doubt with respect to the year charged in that count:

(1) That the defendant owed a substantial income tax in addition to that which he reported on his returns;

(2) That the defendant intended to evade or defeat the payment of the tax; and

(3) That the defendant willfully did an affirmative act or acts as specified in the second superseding indictment in furtherance of such intent to evade payment of the tax.

The term "willfully" means the voluntary and intentional violation of a known legal duty, in other words, acting with the specific intent to avoid paying a tax imposed by the income tax laws, and with the knowledge that there was a legal duty to pay that tax.

An "affirmative act" is any conduct whose likely effect is to mislead or conceal.

The United States need not prove that each and every specific alleged act was committed by the defendant with respect to each count.  However, the United States must prove that the defendant committed at least one of the specific acts which are alleged in the count upon which you are deliberating, and you must unanimously agree on which specific act or acts the defendant committed in furtherance of that count.

**LESSER INCLUDED OFFENSE OF WILLFUL
FAILURE TO PAY TAXES
<u>Michael Salisbury</u>**

If you have found Michael Salisbury guilty as to all of Counts 6 through 9, you will skip this instruction and proceed to the remaining instructions.

If you have found Michael Salisbury not guilty as to any of Counts 6 through 9, then you will proceed to consider this instruction with respect to the counts on which you have found the defendant not guilty.

Having found the defendant not guilty as to one or more of Counts 6 through 9, you will now consider whether the United States has proved the lesser included charge of willful failure to pay taxes.

For you to find the defendant guilty of willful failure to pay taxes, you must find that the United States has proved each of the following elements beyond a reasonable doubt with respect to the year charged in that count:

(1) That the defendant was required by law to pay federal income tax and/or supply any information;

(2) That the defendant failed to pay such federal income tax and/or supply such information as specified in the second superseding indictment; and

(3) That the defendant acted willfully.

The term "willfully" means the voluntary and intentional violation of a known legal duty or the purposeful omission to do what the law requires.

I remind you that you must consider the counts separately and that you must unanimously agree on the particular wrongful conduct, if any, which you find the defendant committed.

## COUNTS 10 AND 11
### (Aiding or Assisting False Statement on Tax Return)
### <u>Robert Wilson</u>

Counts 10 and 11 of the second superseding indictment charge Robert Wilson with aiding or assisting the making of a false statement on a tax return.  For you to find Robert Wilson guilty of this crime, you must find that the United States has proved each of the following elements beyond a reasonable doubt:

(1) That the defendant knowingly aided or assisted in, procured, counseled, or advised the preparation or the presentation of a return arising under the internal revenue laws;

(2) That this return falsely stated that certain appraisal values for property donated by the taxpayer and used to calculate a portion of the taxpayer's charitable deductions for the tax years charged in Counts 10 and 11 were greater than each item's respective value;

(3) That the defendant knew that the statement in the return was false;

(4) That the false statement was material; and

(5) That the defendant aided or assisted in, procured, counseled, or advised the preparation or presentation of this false statement willfully, that is, with intent to violate a known legal duty.

It is not necessary that the United States prove that the falsity or fraud was with the knowledge or consent of the person authorized or required to present such return.

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, the Internal Revenue Service in investigating or auditing a tax return or in verifying or monitoring the reporting of income by a taxpayer.

An act is "knowingly" done if it is done voluntarily and intentionally, and not because of mistake or accident.

You will note that the second superseding indictment charges that the offense was committed "on or about" a certain date.  The United States does not have to prove with certainty the exact date of the alleged offenses.  It is sufficient if the United States proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged.

A separate crime or offense is charged against the defendants in each count of the second superseding indictment.  Each offense, and the evidence pertaining to it, should be considered separately.  Also, the case of each defendant should be considered separately and individually.  The fact that you may find one or more of the defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other defendant.

The defendant is on trial only for the specific offenses alleged in the second superseding indictment.  Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If a defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.